IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BILL GAY                                                                                                PLAINTIFF

VERSUS                                                       CIVIL ACTION NO: 1:05cv237WJG-JMR

LOWE'S HOME CENTERS, INC.                                                            DEFENDANT

MEMORANDUM OPINION

THIS CAUSE comes before the Court on the motion [15-1] of Defendant Lowe's Home Centers, Inc. [Lowe's] for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). The Court, being fully advised in the premises and having examined the record in this matter, including the briefs in conjunction with this motion, finds as follows:

Statement of Facts

Plaintiff Bill Gay began working at Lowe's in Gulfport, Mississippi (Store #106) on September 25, 1990. (Ct. R., Doc. 15, Exh. 1, pp. 18, 21.) Store 106 was closed, and Gay was transferred to the newly opened location (Store # 466) also located in Gulfport in February 1996. (*Id*., pp. 21-2, 51-2.) Gay was the installed sales coordinator at the store, and supervised one assistant, Michelle Wells. (*Id*., pp. 22-24.) Gay's work schedule changed in October 2003, when the corporation required the installed sales department to be covered on Saturdays. (*Id*., p. 32.) Gay and Wells rotated Saturdays and Gay was eventually advised that the company needed a person to work in the installed sales department on Sundays as well. (*Id*., pp. 33-34, 46, 51.) Gay understood this would require that he and Wells each work two Sundays a month. (*Id*., p. 46.)

On or about February 16, 2004, Gay told his supervisor Gene Wilkerson, that "if I was going to work Saturdays, Sunday is one of my only times to spend with my family going to church." (*Id*., pp. 34-5, 37.) On February 19, 2004, Gay submitted a hand-written resignation from employment with Lowe's with the effective date being March 5, 2004. (*Id*., p. 35.) Gay told Lamar Bryant, the store manager, and Wilkerson that he had spoken to a representative at another company about a job. (*Id*., pp. 39-40.)

Gay contacted ed Lowe's district manager Kelvin Ford on February 24, 2004, in an attempt to rescind his resignation. (*Id*., p. 38.) Gay spoke to Bryant on March 5, 2004, again attempting to revoke his resignation but was unsuccessful. (*Id*., p. 35.) Gay's request to retract his resignation was not accepted, and Gay was terminated as of the effective date he requested in his resignation letter.

Kelly Smith, a female employee, e-mailed her resignation to Bryant on February 22, 2004. (*Id*., pp. 41, 48.) About thirty minutes after sending the resignation, Smith purportedly sent a second e-mail seeking to retract her resignation. (*Id*., p. 42.) Gay was not aware of a conversation between Bryant and Smith concerning the first e-mail prior to the second email being sent. (*Id*., pp. 42, 48.) Gay learned of Smith's e-mails on March 2, 2004, and knew of no other female employee who resigned and was allowed to retract the resignation. (*Id*., pp. 48, 61-2.)

Gay filed for unemployment benefits after his last day at Lowe's but was denied benefits because the Mississippi Department of Employment Security determined he voluntarily left his job. (*Id*., p. 44.) On August 30, 2004, Gay filed a charge of discrimination with the Equal Employment Opportunity Commission [EEOC] alleging gender and religious discrimination. (*Id*., pp. 27-8.)

Because Gay and Wells were the only two employees in the installed sales department at Lowe's, if Gay did not work Sundays Wells would have to work every Sunday or Lowe's would have to hire an additional employee to accommodate Gay taking every Sunday off, creating a hardship for the business operation of Lowe's.  (Ct. R., Doc. 16, p. 13.)  Lowe's maintains that it is not required to accommodate Gay's requests if satisfying those requests placed an undue hardship on the company.  (*Id*.)

Lowe's asserts that Gay cannot establish a *prima facie* case of gender discrimination.  (*Id*.)  Under Title VII, Lowe's argues that Gay must show the following:  (1) he was a member of a protected class, (2) he was qualified for the position he lost, (3) he suffered an adverse employment action, and (4) others who were similarly situated received more favorable treatment.  (*Id*.)  The mere fact that another employee was treated differently is not enough; Gay most show intentional discrimination and that the other employee allegedly receiving preferential treatment must have been in nearly identical circumstances.  (*Id*., p. 14.)

Although Gay is male and was qualified for the position he held, Lowe's argues that he cannot produce evidence to satisfy the remaining elements to make his *prima facie* case.  (*Id*.)  Gay resigned his position, and the only adverse employment situation he raises is Lowe's failure to accept his request to withdraw his resignation.  (*Id*.)  Gay provides only one instance in which a female who resigned was later allegedly allowed to withdraw her resignation.  (*Id*.; Ct. R., Doc. 1, pp. 3-4.)

Lowe's maintains that Gay and the female employee, Smith, are not situated in nearly identical circumstances so as to allow Gay to prove discriminatory intent in Lowe's actions.  (*Id*., pp. 15-16.)  Smith worked in another department and had a different supervisor; she did not

indicate that she was resigning to accept a job with another company; and she rescinded her resignation within 30 minutes of submitting it in an e-mail.  (*Id*.)

According to Lowe's, Gay's claims under Title VII are time-barred.  (Ct. R., Doc. 16, p. 8.)  Lowe's asserts that Gay's charge of discrimination was not filed within the 180-day limit after the alleged unlawful act.  (*Id*.)  Lowe's maintains that the allegations of discrimination based on religion occurred when Lowe's scheduled the installed sales department to work on Sundays.  (*Id*.)  Gay knew about Lowe's corporate schedule change during the first or second week of February 2004.  (*Id*., pp. 33-34, 46.)  Gay later stated that he would have worked the first Sunday had he been scheduled to work that day.  (*Id*., p. 37.)

Lowe's argues that Gay cannot establish a *prima facie* case of religious discrimination.  (*Id*., p. 10.)  Gay did not inform anyone at Lowe's that he had a religious objection to working on Sunday.  His complaint alleges that he objected to working on Sundays based on "his commitment to spending Sundays attending church services with his family."  (Ct. R., Doc. 1, p. 3.)  Gay testified in his deposition that he told his supervisor that Sunday is the only day he has to spend with his family going to church.  (*Id*., Exh. A, p. 34.)  He later admitted, however, that he would have worked on a Sunday if scheduled.  Further, Gay resigned and was not discharged.

Discussion

Because Plainiff has confessed summary judgment regarding his claims of intentional of infliction of emotion distress, (Ct. R., Doc. 18, p. 5), the Court finds no need to address this claim herein.

I. <u>Claims Under Title VII</u>

A. <u>Timeliness of Suit</u>

Lowe's asserts that Gay's claims were not timely filed with the EEOC. A Title VII plaintiff must file a claim of discrimination within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). This requirement is similar to a statute of limitations and is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc*., 455 U.S. 385, 393 (1982). Any claim based on events which happened more than 180 days before the filing of a charge of discrimination ordinarily are time barred under Title VII. *Webb v. Cardiothoratic Surgery Assoc*., 139 F.3d 532, 537 (5th Cir. 1998). The 180-day time period begins at the time the individual either knew or should have known that the challenged act occurred. *Merrill v. Southern Methodist Univ*., 806 F.2d 600, 605 (5th Cir. 1986). As indicated by Lowe's, Gay claimed that the alleged discrimination began in early February 2004 and he tendered his resignation on February 19, 2004. (Ct. R., Doc. 16, Exh. 1, pp. 36-8.) Gay filed his charge of discrimination with the EEOC on August 30, 2004. (*Id*., p. 44.)

A discrimination claim based on a change in the employment system must be filed with the EEOC within 180 days of adoption of the system. *See Lorance v. AT & T Tech., Inc.,* 490 U.S. 900, 909 (1989). It is the system's "adoption which triggers the limitations period" for filing a discrimination charge and such charge must be filed within 180 days of the adoption. *Lorance* 490 U.S. at 911; *see Hendrix v. City of Yazoo City, Miss.,* 911 F.2d 1102, 1104 (5th Cir. 1990).

"If an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed." *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 476-7 (5th Cir. 1991). Because Gay's charge of discrimination was not timely filed, the Court finds that any claims of discrimination because of gender or religious practices based on acts which occurred in February

2004 should be dismissed. In the event this finding is incorrect, the Court will address the merits of Gay's claims.

    (A)  Gender Discrimination

Gay contends that he was a victim of gender discrimination, which bears the following elements of proof: (1) he was a member of a protected class (male); (2) he was qualified for the position; (3) he was discharged or was otherwise subject to a negative employment action; and (4) he was discharged because of his gender. *See Ward v. Bechtel Corp*., 102 F.3d 199, 202 (5th Cir. 1997); *Bennett v. Total Minatome Corp*., 138 F.3d 1053, 1060 (5th Cir. 1998). Should he present a *prima facie* case of gender discrimination, the burden shifts to Lowe's to rebut his case by demonstrating a "legitimate, nondiscriminatory justification for its actions." *Manning v. Chevron Chem. Co.,* 332 F.3d 874, 882 (5th Cir. 2003); *reh'g & reh'g en banc denied*, 2003 WL 21785385 & *cert. denied* 540 U.S. 1107 (2004). If the defendant satisfies this burden, the inference of discrimination raised by the *prima facie* case drops from the case and the plaintiff must prove that the proffered reason is mere pretext for discrimination and must create a reasonable inference that his gender was a determinative factor in the termination. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999). If he cannot meet this burden, summary judgment is appropriately granted.

Gay must show that his gender played an actual role in the employer's decision-making process and had a "determinative influence on the outcome." *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir. 1996) (*en banc*) (ADEA case). An employee's sincere subjective belief of discrimination cannot provide a plaintiff's sole support for judicial relief. *Portis v. First Nat. Bank of New Albany, Miss*., 34 F.3d 325, 329 (5th Cir. 1994) *as amended on denial of reh'g* (Nov. 10, 1994); *see Nichols v. Loral Vought Sys*., 81 F.3d 38, 42 (5th Cir. 1996). There is no

question that Gay is a member of the protected classes and that he was qualified for the position he held. Gay's proof is severely lacking regarding the fourth prong, as he has not presented evidence that he was terminated because of his gender. First of all, Gay resigned, giving the reason for his resignation that he had accepted other work. (Ct. R., Doc. 18, p. 8.) Gay has not produced any evidence to establish that his gender had an influence whatsoever on the decision to accept his resignation.

Gay claimed that because Smith, the manager of plumbing and electrical was allowed to withdraw her resignation within minutes of submitting it is evidence that he was discriminated against because of his gender when his resignation was accepted. (Compl.) Lowe's contends that the situations were not nearly identical factually, given that Smith worked in a different department with a different supervisor, that she withdrew her resignation almost immediately upon tendering it, and that she did not mention an interest in accepting another position as the reason for her resignation.

Gay has failed to provided evidence that his situation was nearly identical to Smith's. Gay has also failed to show a discriminatory intent behind Lowe's decision to accept his resignation purportedly to accept other employment. The Court finds that Lowe's has met its burden of producing a non-discriminatory reason for Gay's employment separation. The burden in this regard "is one of production, not persuasion . . . [and] can involve no credibility assessment." *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 141-2 (2000).

Although an employee may disagree with an employer's decisions the Court is not in the position to "second guess" those decisions without evidence that an individual's gender was a determining factor in the end result. *See Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503 (5th Cir. 1988). A plaintiff's sincere subjective beliefs of discriminatory intent behind the

employer's employment decisions, without more, is not sufficient to establish a material question of fact regarding the motives for the employment decisions. *Shackelford*, 190 F.3d at 408.

A showing that similarly situated employees outside the protected class received more favorable treatment can serve as evidence of pretext, but only if the plaintiff shows that the others were treated more favorably in nearly identical circumstances. To be similarly situated in all material respects, a plaintiff must show that the individuals were subject to the same discipline standard and that these individuals engaged in conduct comparable to that of the plaintiff. *Perez v. Texas Dept. of Criminal Justice*, 395 F.3d 206, 210 (5th Cir. 2004), *cert. denied* 126 S.Ct. 545 (2005). Gay has failed to show that a female employee similarly situated to him was not treated in the same fashion as he. The Court, therefore, concludes that Lowe's motion for summary judgment on any claims of gender discrimination under Title VII should be granted.

B.      Claim of Religious Discrimination

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of religion. 42 U.S.C. § 2000e-2(a)(1),(2). "The term 'religion' includes all aspects of religious observation and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate a religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

To establish a *prima facie* case of religious discrimination under Title VII, Gay must prove the following: (1) he had a *bona fide* religious belief that conflicted with an employment requirement, (2) the employer was informed of that belief, (3) he was discharged for failure to comply with the employment requirement. *Bruff v. North Miss. Health Servs., Inc.*, 244 F.3d 495, 500 n.9 (5th Cir. 2001), *cert. denied* 534 U.S. 952. If the plaintiff establishes a *prima facie* case of religious discrimination, the burden shifts to the employer to show that it was unable

reasonably to accommodate an individual's religious needs without undue hardship. *Turpen v. Mo.-Kan.-Tex. R.R.,* 736 F.2d 1022, 1026 (5th Cir. 1984).

Under Title VII, an employer has the "statutory obligation to make reasonable accommodation for the religious observances of its employees, short of incurring an undue hardship." *Trans World Airlines, Inc., v. Hardison*, 432 U.S. 63 (1977). An employer does not have to fully accommodate a plaintiff's religious belief that he cannot work a particular day, especially when to do so would be forced to schedule another employee to every shift the person with the religious belief could not work. *See Hardison*, 432 U.S. at 68-70. "Title VII does not restrict an employer to only those means of accommodation that are preferred by the employee. Once the [employer] establishes that it offered [plaintiff] a reasonable accommodation, even if that alternative is not the employee's preference, the employer has, as a matter of law, satisfied its obligation under Title VII." *Bruff*, 244 F.3d at 501. "Accommodation can take place in two ways: (1) an employee can be accommodated in his current position by changing working positions, or (2) the employer can offer to let the employee transfer to another reasonably comparable position where conflicts are less likely to arise." (*Id.*) If the employer is unable to accommodate the employee without undue hardship on the conduct of the employer's business, the employer need not offer an accommodation. *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 68 (1986). An employer need not accommodate a plaintiff's religious belief that he cannot work on a particular day. *Hardison*, 432 U.S. 68-70.

In this case, there is no evidence that Gay even informed Lowe's that the reason he was leaving was because of a possible conflict with his religious preferences by working on Sunday. Gay had told his employer that he was leaving to accept a position elsewhere. (Ct. R., Doc. 16,

Exh. 1, p. 39.)  When he decided against the decision to leave Lowe's, he attempted – unsuccessfully – to rescind his resignation.  (*Id*., p. 38.)

Even had Gay informed Lowe's that he was unable to work Sundays because of his religious beliefs, Lowe's correctly asserts that it was neither required to work the only other employee in Gay's department nor hire another person to fill in for Gay on Sundays in order to accommodate Gay's religious preference.  "The mere possibility of an adverse impact on co-workers  . . . is sufficient to constitute an undue hardship."  *Weber v. Roadway Express, Inc*., 199 F.3d 270, 274 (5th Cir. 2000).  The Court, therefore, concludes that Lowe's motion for summary judgment on Gay's claim of religious discrimination should be granted.

## Conclusion

For the reasons given above, this Court finds that Lowe's motion for summary judgment [16-1] should be granted.  A separate summary judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date.  Each party shall bear their respective costs associated with this motion.

THIS the 1st day of June, 2007.

> *Walter J. Gex III*
> UNITED STATES SENIOR DISTRICT JUDGE